Filed 12/13/23  P. v. Mitchell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098078 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE009816) |
| v. | |
| ZANTONIO MITCHELL, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  Accordingly, we affirm.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  An amended consolidated information filed on January 17, 2023, alleged

1

defendant violated the law by: driving under the influence (DUI) of alcohol (Veh. Code, § 23152, subd. (a); counts one & three);[1] driving with a blood-alcohol content (BAC) of 0.08 percent or higher (§ 23152, subd. (b); counts two & four); and driving on a suspended license due to DUI (§ 14601.2, subd. (a); counts five & six). The information further alleged as to counts one through four that defendant had suffered three prior convictions. (§ 23550.5.) It was also alleged defendant was speeding (§ 23582, subd. (a)) during the commission of counts one and two and had a BAC of 0.15 percent or more (§ 23578) and a BAC of 0.20 percent of more (§ 23538, subd. (b)(2)) for counts three and four.

Prior to selecting the members of the jury, defendant entered no contest pleas to misdemeanor violations of counts five and six.

At trial, the People presented evidence that in April 2022 a California Highway Patrol (CHP) officer observed defendant going over 100 miles per hour and pulled him over for speeding on Highway 50. A DUI investigation ensued. Defendant admitted consuming three shots of liquor and that he was trying to quit drinking. Three preliminary alcohol screening (PAS) tests reflected defendant's blood-alcohol level ranged between 0.151 and 0.155 percent. Other field sobriety tests also suggested defendant was under the influence of alcohol and over the legal limit to drive. A chemical breath test administered after defendant's arrest showed defendant's BAC ranged between 0.12 and 0.13 percent.

At approximately 8:30 p.m. in May 2022, the fire department responded to a 911 call regarding a nonresponsive person in a vehicle. Defendant was asleep or unconscious in a running car parked overlapping the sidewalk. One firefighter reached through the open driver's window and turned off the car; another firefighter reached through an open

---

[1] Undesignated statutory references are to the Vehicle Code.

passenger window and put the car in park. Given how they had found the car, and defendant's slow response to questions, the firefighters contacted the CHP; officers responded to conduct a DUI investigation. Defendant admitted drinking three beers and driving. The CHP officer observed defendant's slurred speech; red, watery eyes; and other indicia of intoxication during field sobriety tests. Defendant's two PAS test results were 0.23 and 0.25 percent. The officer concluded defendant was impaired and arrested him. Chemical breath tests performed at the station showed defendant's BAC was 0.22 percent.

The jury found defendant guilty of counts one through four and found true the blood-alcohol enhancements but found not true the speeding enhancements. At a bifurcated court trial, the trial court found the prior conviction allegations and aggravating sentencing factor allegations true.

The trial court sentenced defendant to an aggregate prison term of two years eight months with credit for 211 actual days plus 210 conduct days for 421 total days of custody credit. The court also ordered defendant pay all mandatory fines and fees at the statutory minimum and waived the remaining nonmandatory fines and fees. Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having reviewed the record, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm.

3

# DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, J.

We concur:

/s/
_____
Robie, Acting P. J.

/s/
_____
Boulware Eurie, J.